**Opinion issued March 8, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-17-00074-CR**

———————————

**MILTON EARL EDGAR, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1410624**

---

## MEMORANDUM OPINION

Appellant, Milton Earl Edgar, Jr., pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child under the age of 14[1] without an agreed recommendation from the State concerning sentencing. The trial court sentenced

---

[1]     *See* TEX. PENAL CODE § 22.021(a)(1)(B)(iv).

appellant to 35 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised appellant of his right to access the record and provided him with a form motion for access to the record. Counsel further advised appellant of his right to file a pro se response to the *Anders* brief. Appellant did not request access to the record and did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400

(emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney Brian M. Middleton must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).